

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN LEZELL BALENTINE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | 2:03-CV-00039 |
| NATHANIEL QUARTERMAN, Director, | § | **Capital Litigant** |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION ON
## MOTION FOR CERTIFICATE OF APPEALABILITY

On April 24, 2008, petitioner filed his Application for a Certificate of Appealability (COA) pursuant to 28 U.S.C. 2253. (Doc. #71.) No request to proceed in forma pauperis (IFP) on appeal has yet been filed. Considering the record in this case, pursuant to Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. § 2253(c), a certificate of appealability should be granted on petitioner's first and second claims, but should be denied on the seventh and eighth claims and related motions.

I.
Standards for Granting Certificates of Appealability

Petitioner requests a certificate of appealability as to grounds one, two, seven and eight in the amended federal habeas petition, as well as the denial of the evidentiary motions and motion to stay and abate. (COA Motion at 3.) The Fifth Circuit has recently reaffirmed the standards

applicable to requests for certificates of appealability. In *Haynes v. Quarterman*, the Court of Appeals stated,

> In sum, petitioner need not show that his habeas petition will ultimately prevail on the merits in order for this court to issue a COA. [*Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003)] In fact, the Supreme Court has specifically instructed that a court of appeals should not deny a COA simply because the petitioner has not demonstrated an entitlement to relief. *Id.* Instead, "'where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Id.* at 338 (quoting [*Slack v. McDaniel*, 529 U.S. 473, 484 (2000)]). "Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination." *ShisInday v. Quarterman,* 511 F.3d 514, 520 (5th Cir. 2007) (citing *Fuller v. Johnson*, 114 F.3d 491, 495 (5th Cir. 1997)).

\_\_\_ F.3d \_\_\_, 2008 WL 1808457 at *3 (5th Cir. 2008).

II.
First and Second Claims

Grounds one and two were denied under the rule of *Stone v. Powell*, 428 U.S. 465, 494, 96 S.Ct. 3037, 3052, 49 L.Ed.2d 1067 (1976). Each of these grounds sought the benefit of the Exclusionary Rule to prevent consideration of evidence petitioner contends was illegally seized. This Court determined the Exclusionary Rule may not be invoked in federal habeas corpus proceedings to collaterally challenge the admission of evidence obtained as a result of illegal searches and seizures unless the state court did not afford a full and fair opportunity to litigate such Fourth Amendment claims. *See Stone v. Powell*, 428 U.S. at 494, 96 S.Ct. at 3052; *Swicegood v. Alabama,* 577 F.2d 1322, 1324 (5th Cir.1978).

In presenting these grounds, petitioner relied upon the law of other Circuits which is different than the rule announced by the Fifth Circuit in *Swicegood*. In his amended petition,

petitioner argued that "[t]he failure of the state courts to apply the correct constitutional standard is a denial of an opportunity for full and fair litigation. *Gamble v. Oklahoma*, 583 F.2d 1161, 1164-65 (10th Cir. 1978); *but see Swicegood v. Alabama*, 577 F.2d 1322 (5th Cir. 1976)." (Am. Pet. at 58.) In rejecting a contention similar to petitioner's, the Fifth Circuit Court of Appeals in *Swicegood* stated,

> If this argument were correct, the federal courts would consider the merits of fourth amendment habeas cases whenever the state courts erred in their fourth amendment analysis and would refuse to consider the merits of those cases in which the state courts were correct. That, of course, is federal habeas review of state court fourth amendment decisions, precisely what *Stone* forbids. If the term "fair hearing" means that the state courts must correctly apply federal constitutional law, *Stone* becomes a nullity.

577 F.2d at 1324.

This Court found petitioner was not only afforded an ample opportunity by state law to litigate these claims, but found he actually and meaningfully challenged these searches and seizures before the state courts in several specified ways. (Report at 11.) While the undersigned fully agrees with the rule in this Circuit as announced in *Swicegood* and its progeny, it does appear this rule is "debatable" since reasonable jurists of other circuits have adopted a different rule as petitioner argues in presenting these claims. Therefore, even though Fifth Circuit law appears to clearly bar petitioner from relief on grounds one and two, the undersigned recommends a certificate of appealability be issued with respect to grounds one and two.

III.
Seventh and Eighth Claims and Related Motions

Petitioner also requests a COA for grounds seven and eight, which were denied on the

basis that they were unexhausted and procedurally barred. (Report at 35, 38.) In order to avoid the procedural bar, petitioner requested evidentiary hearing for the purpose of showing circumstances exist that render the state habeas process ineffective to protect his rights. Petitioner also filed a motion to stay and abate in order to allow him to return to state court to present these claims. (Doc. ##45, 57.) These motions are included in his motion for COA. (COA Motion at 3, 6.) However, it is recommended a COA be denied on these claims and motions.

Petitioner does not dispute that these claims are unexhausted, nor does he present cause and prejudice or manifest injustice to avoid the procedural bar. Instead, he merely argues that the state habeas process is systematically defective because of the ineffectiveness of state habeas counsel in general. He vigorously denies that his claim is about the ineffectiveness of the individual state habeas counsel in this case, but asserts that because of the general ineffectiveness of state habeas counsel that the entire state habeas process is ineffective. (*See e.g.*, COA Motion at 6.) Despite his many protestations, his assertions boil down to a question of whether his state habeas counsel was ineffective in failing to investigate and present these claims to the state courts. The law is settled that such a failure does not allow the federal court to avoid the exhaustion requirement or excuse the procedural bar. *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Martinez v. Johnson*, 255 F.3d 229, 240-41 (5th Cir. 2001); *Roberts v. Dretke*, 356 F.3d 632, 640 (5th Cir. 2004); *Haynes*, slip op. at 7-8. Further, an evidentiary hearing should not be conducted on these matters since they attempt to develop evidence on matters when the petitioner failed to develop the evidence in the state court proceedings. *See* 29 U.S.C. §2254(e)(2); *Conner v. Quarterman*, 477 F.3d 287 (5th Cir.), *cert.*

*denied*, __ U.S. __, 128 S.Ct. 24, 168 L.Ed.2d 800 (2007). Therefore, no COA should issue on these claims or on the motions related to them.

Unlike grounds one and two, where petitioner has shown contrary authority from other circuits, no such showing has been made as to grounds seven and eight. Consequently, while petitioner is correct that the undersigned did acknowledge that petitioner had effectively presented his position on grounds seven and eight and did present a compelling case for improvement of the state capital habeas system, the fact remains that the Fifth Circuit has rejected claims of ineffective assistance of habeas counsel as a basis to overcome the procedural bar to petitioner's grounds seven and eight.

IV.
Conclusion

It is RECOMMENDED that a Certificate of Appealability be GRANTED on the first and second claims for relief presented in the amended petition for writ of habeas corpus.

It is further RECOMMENDED that a Certificate of Appealability be DENIED on the seventh and eighth grounds for relief in the amended petition for writ of habeas corpus, as well as on the denial of the evidentiary motions and motion to stay and abate. For the reasons stated above, and in the Findings, Conclusion and Recommendation entered in this case on September 27, 2007, and adopted by the District Judge on March 31, 2008, the undersigned finds that petitioner has failed to make a substantial showing of the denial of a federal constitutional right in each of the matters made the subject of his motion for COA other than as to grounds one and

two. *See Tennard v. Dretke*, 542 U.S. 274, 282; 124 S.Ct. 2562, 2569, 159 L.Ed.2d 384 (2004).

 IT IS SO RECOMMENDED.

 ENTERED this 2nd day of May 2008.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * <u>NOTICE OF RIGHT TO OBJECT</u>

 Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

 Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).