Affidavit of Fact

| STATE OF TEXAS | § | |
| | § | SS. |
| COUNTY OF OLDHAM | § | |

    BEFORE ME, the undersigned authority, on this day personally appeared Kent Birdsong, who being by me duly sworn, did depose and state upon oath as follows:

1. My name is Kent Birdsong. I am over twenty-one years of age and am fully competent to make this affidavit.

2. Except where stated that I have been told by someone else, I have personal knowledge of all the facts set forth herein, and all such facts are true and correct.

3. I was court-appointed on September 30, 1999 to represent John Balentine in state habeas.

4. At the time of my appointment to represent Mr. Balentine, I was not then, and never have been, admitted to practice in federal court. At the time of my state appointment, I was not familiar with the substantive and procedural law that governed federal capital habeas proceedings. I did not know how my acts or omissions in representing Mr. Balentine in state habeas would affect the rights of Mr. Balentine to merits review in federal court.

5. At the time of my appointment to represent Mr. Balentine, I did not know about the contents of the ABA GUIDELINES FOR APPOINTMENT AND PERFORMANCE OF DEFENSE COUNSEL IN DEATH PENALTY CASES (1989 ed). I did not associate a lawyer of established competence in the field of capital habeas to help me in the state habeas proceeding in order to fully preserve all of Mr. Balentine's state and federal rights to habeas relief.

6. It was obvious from the record, particularly volume 26, that trial counsel had failed to call any witnesses on behalf of Mr. Balentine in the punishment phase of the trial. But at the time of my appointment to represent Mr. Balentine, I did not know that I needed to conduct a mitigation investigation, and provide evidence in the form of affidavits or institutional records about Mr. Balentine's medical history, family and social history, educational history, employment and training history, and prior juvenile and adult correctional experience, to make a *prima facie* showing of the ineffectiveness of trial counsel in failing to provide the sentencer with evidence which might militate against the appropriateness of the death penalty for Mr. Balentine, and/or how it was improbable, if not impossible, for trial counsel to have responsibly advised Mr. Balentine about the merits of different courses of actions without this information (*i.e.*, accepting a life sentence, or trying the case to conclusion).

7. At the time of my appointment to represent Mr. Balentine I knew that to preserve an issue for appellate review, the trial lawyer was required to make a timely, specific objection. This is a basic rule of Texas trial practice.

8. However, I did not having a working knowledge, at the time of my appointment to represent Mr. Balentine, of procedural default law and the complexities of its application to claims as a case made its way through various state and federal court proceedings. For example, I raised constitutional challenges to the Texas death penalty scheme in state habeas because these challenges were raised by trial counsel in their pre-trial motions. I plead that the claims had been preserved for habeas review because the trial lawyers raised the issues. *See* footnotes 7, 10, 24, and 26 to Post-Conviction Application for Writ of Habeas Corpus. However, I did not know that, at the same time, I also needed to run an ineffective-assistance-of-appellate-counsel claim to excuse the procedural default arising from the failure of the direct appeal lawyer to raise them.

9. What I realize now, that I did not know at the time of my appointment to represent Mr. Balentine, is that a state habeas proceeding is not another direct appeal.

FURTHER AFFIANT SAYETH NOT.

*Kent Birdsong*
Kent Birdsong
P.O. Box 138
Vega, TX 79092
Phone: 806-267-2233

Before me, a Notary Public, on this day personally appeared Kent Birdsong, known to me (or proved to me on the oath of _____ or through (description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this __12th__ day of __June__, (year).

Jeanette Jeanne Petersen
NOTARY PUBLIC,
STATE OF TEXAS
My Commission Expires 01-10-2014

*Jeanette Petersen*
Notary Public

[seal]

3