IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN LEZELL BALENTINE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | 2:03-CV-00039 |
| RICK THALER, Director, | § | **Capital Litigant** |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY MOTION FOR RELIEF FROM JUDGMENT

On July 12, 2012, John Lezell Balentine ("Balentine") filed his *Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)* ("Motion," doc. 112) and additional exhibits (docs. 113-114) regarding his claim that he was deprived of the effective assistance of counsel because his trial attorney failed to conduct an adequate mitigation investigation and failed to offer mitigating evidence at the punishment phase of his trial in accordance with *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003).[1]  Respondent has filed his response in opposition to these motions ("Response," doc. 117); Balentine has filed his reply to that response ("Reply," doc. 119), along with a motion for leave to exceed the page limit (doc. 118); and respondent has filed a sur-response (doc. 120).  By order of this same date, leave to exceed the page limit set forth in Local R. 7.1(d) and 7.2(c) has been granted.  For the reasons set out below, Balentine's Rule 60(b) motion should be denied.

---

[1]This claim is referred to as his "*Wiggins* claim."

## I. HISTORY

There is a long history of litigation regarding this claim.

### A. Trial and Direct Appeal

Petitioner was convicted and sentenced to death for the capital murder of three young men while they slept. *State v. Balentine*, No. 16,877-E (108th Dist. Ct., Potter Co., Tex., Apr. 21, 1999). No mitigation evidence concerning petitioner's background, childhood, or family was presented at his trial, and trial counsel called no witnesses at the punishment phase. (Vol. 26, State Court Reporter's Record ("RR") at 80). The Texas Court of Criminal Appeals ("TCCA") affirmed the conviction and death sentence, *Balentine v. State*, 71 S.W.3d 763 (Tex. Crim. App. 2002), and no petition for writ of certiorari was filed with the United States Supreme Court.

### B. First State Habeas Proceeding

Petitioner filed a state application for writ of habeas corpus on January 22, 2001, which included in his twentieth claim the allegation that he was denied the effective assistance of counsel under the Sixth and Fourteenth Amendments because of trial counsel's failure to call any punishment witnesses whatsoever. (*Ex parte Balentine*, WR-54,071-01, Record Created on State Habeas Corpus Application, at 127). This application was denied by written order on December 4, 2002. *Ex parte Balentine*, WR-54,071-01 (Tex. Crim. App. Dec. 4, 2002) (unpublished).

### C. First Federal Habeas Proceeding

Petitioner filed his federal petition for writ of habeas corpus (doc. 21) in this Court on December 1, 2003, and filed his first amended petition (doc. 27) on August 19, 2004. The eighth claim in the amended petition asserted petitioner's *Wiggins* claims upon evidence and arguments that were not presented to the state court. (Am. Pet. at 137-151). Respondent's answer (doc. 37) asserted this claim was unexhausted and procedurally barred. (Ans. at 25.) Oral argument was heard, and

Case 2:03-cv-00039-J-BB   Document 122   Filed 07/30/12   Page 3 of 12   PageID 2046

post-argument briefs were filed (docs. 51, 52) focusing largely on whether this claim was procedurally

barred from federal habeas review.  The Magistrate Judge's Report and Recommendation to deny

relief on this claim because it was procedurally barred (doc. 53) was adopted by the Court on March

31, 2008.  *Balentine v. Thaler*, 2008 WL 862992 (N.D. Tex., 2008) (doc. 66), and a certificate of

appealability ("COA") on this issue was denied.  *Balentine v. Thaler*, 2008 WL 2246456 (N.D. Tex.,

May 30, 2008) (doc. 77).  The United States Court of Appeals for the Fifth Circuit also denied a COA

on this issue.  *Balentine v. Thaler*, No. 08-70014, 324 Fed.Appx. 304 (5th Cir.), *cert. denied*, ____

U.S. ____, 130 S.Ct. 484, 175 L.Ed.2d 310 (2009).

### D.  Second State Habeas Application

On June 22, 2009, the state court set Balentine's execution for September 30, 2009.  *State v.

Balentine*, No. 39,532-D (320th Dist. Ct., Potter Co., Tex. 2009).  On August 21, 2009, petitioner filed

a subsequent habeas application in state court to exhaust his *Wiggins* claim, with a motion for stay of

execution.  On September 22, 2009, the state court dismissed the subsequent application as an abuse

of the writ and denied the motion for stay of execution.  *Ex parte Balentine*, Nos. WR-54071-01,

WR-54071-02, 2009 WL 3042425 (Tex. Crim. App.), *cert. denied*, ___ U.S. ____, 130 S.Ct. 520, 175

L.Ed.2d 368 (2009).

### E.  First Rule 60(b) Motion

On September 23, 2009, Petitioner filed his first Rule 60(b) motion in this Court (doc. 85),

along with a motion for stay of execution (doc. 86).  On September 28, 2009, this Court denied Rule

60(b) relief and the requested stay of execution (doc. 89).  On September 29, 2009, the Court of

Appeals granted a stay of execution.  *Balentine v. Thaler*, No. 09-70026 (5th Cir. 2009).  The Court

of Appeals initially reversed the denial of Rule 60(b) relief, but ultimately affirmed the district court's

ruling.  *Balentine v. Thaler*, 626 F.3d 842 (5th Cir. 2010).  The petition for rehearing en banc was

denied in a split decision. *Balentine v. Thaler*, 629 F.3d 470 (2010). The Supreme Court denied the petition for writ of certiorari. *Balentine v. Thaler*, ___ U.S. ____, 131 S.Ct. 2992, 180 L.Ed.2d 841 (2011).

### F.  Third State Habeas Application

On March 31, 2011, the state court set another execution date, this time for June 15, 2011. On June 13, 2011, Balentine filed a motion to stay this execution in state court with his second successive state habeas application presenting his *Wiggins* claim and a claim that state habeas counsel was ineffective for failing to properly raise the *Wiggins* claim in his initial state habeas application. The TCCA denied relief under the Texas abuse-of-the-writ doctrine. *Ex parte Balentine*, No. WR-54,071-03 (Tex. Crim. App. June 14, 2011). Balentine also filed a petition for writ of certiorari with a motion for stay of execution. The Supreme Court granted the motion for stay of execution, *Balentine v. Texas*, ___ U.S. ____, 131 S.Ct. 3017, 180 L.Ed.2d 841 (June 15, 2011), which expired on the denial of certiorari. ___ U.S. ____, 132 S.Ct. 1791, 182 L.Ed.2d 616 (2012).

### G. Instant Rule 60(b) Motion

On April 13, 2012, the state court set the current execution date of August 22, 2012. On July 12, 2012, Balentine filed the instant Rule 60(b) Motion with exhibits (docs. 112-114), relying on *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 182 L.Ed.2d 272 (2012). Respondent filed his response in opposition to this motion on July 25, 2012 (doc. 117). Balentine filed his reply (doc. 119) and motion for leave to exceed the page limit (doc. 118) on July 27, 2012. That same day, respondent filed a sur-response (doc. 120).

## II. MOTIONS

Balentine requests this Court reopen the final judgment under Fed. R. Civ. P. 60(b) because a recent decision by the United States Supreme Court now allows the federal court to reach the merits of his *Wiggins* claim.  He acknowledges this Court properly found this claim to be procedurally barred in its prior holding, but argues the exception to the procedural bar created in *Martinez v. Ryan* now allows this Court to consider this claim and authorizes Rule 60(b) relief.

## III. LEGAL ANALYSIS

### A.  *Jurisdiction.*

Rule 60(b) of the Federal Rules of Civil Procedure authorizes the district court to relieve a party from a final judgment, order, or proceeding.  Under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254, however, this Court has no jurisdiction to authorize a successive habeas proceeding.  *See* 28 U.S.C. § 2244(3)(A).  A second or successive habeas corpus claim presented under section 2254 must first be authorized by the Court of Appeals under section 2244(b).  A Rule 60(b) motion does not contain a habeas corpus "claim," and thus should not be construed as a "second or successive" petition under section 2244, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005) (footnote omitted); *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012).  A petitioner does not make a "habeas corpus claim . . . when he merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Adams*, 679 F.3d at 319 (quoting *Gonzalez*, 545 U.S. at 532 n. 4).

As in *Adams*, Balentine's motion challenges this Court's prior determination that his claims were procedurally defaulted.  Further, respondent has conceded that Balentine's Rule 60(b)(6) motion is not to be construed as an improper successive habeas petition and that it is properly before this Court.  (Response at 10.)  Therefore, this Court has jurisdiction to consider the Rule 60(b) Motion.

**B.  Merits**

*1.  Rule 60(b) Relief*

Rule 60(b)(1) through (5) of the Federal Rules of Civil Procedure authorize the district court to grant relief for certain enumerated reasons.  Rule 60(b)(6) is a general, catch-all provision allowing equitable relief.  The United States Court of Appeals for the Fifth Circuit has described it as a powerful, but limited, rule.

> Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, but we have also narrowly circumscribed its availability, holding that Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present.

*Balentine*, 626 F.3d at 846 (citing *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir.1995)).  "Such [extraordinary] circumstances will rarely occur in the habeas context." *Gonzalez*, 545 U.S. at 535, 125 S.Ct. at 2649.

*2.  Martinez and Subsequent Cases*

In *Martinez v. Ryan*, the Supreme Court held "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S.Ct. at 1315.  In his Rule 60(b)(6) motion, petitioner Balentine argues *Martinez*, in combination with the unique facts of his case, including his history of diligence in asserting this ineffective assistance claim after the initial state habeas review, constitutes the "extraordinary circumstances" that warrant Rule 60(b) relief.  (Motion at 1, 75-97).  He also argues

that because equity controls Rule 60(b) proceedings, and because the new exception created by the Supreme Court in *Martinez* is an equitable exception, it would be inequitable to deny him the benefit of this *Martinez* exception and continue to refuse to consider the merits of the claim. The linchpin to the success of petitioner's argument depends upon whether *Martinez* is applicable to his case. As discussed below, intervening Fifth Circuit opinions have created an insurmountable barrier between petitioner Balentine and the *Martinez* exception.

While *Martinez* was pending at the Supreme Court, a case presenting a similar argument as the petitioner in *Martinez* was pending in the Fifth Circuit. *See Gates v. Thlaer*, No. 11-70023, 2012 WL 2305855 (5th Cir. June 19, 2012). In *Gates*, the petitioner contended "his procedural default [on state habeas review] . . . does not bar federal review on the merits because the ineffectiveness of his state habeas counsel . . . caused the default and likely prevented the setting aside of his death sentence." *Gates*, No. 11-70023, "Petitioner-Appellant's Brief in Support of Application for Certificate of Appealability," doc. 00511622480, pg. 19 (filed Oct. 4, 2011). In its opinion, the Fifth Circuit found this argument unpersuasive. *Gates*, 2012 WL 2305855, at *6. The court held *Martinez* was unavailable to allow the court to hear the ineffective assistance of counsel claim on the merits because "unlike the petitioner in *Martinez*, Gates was not denied the opportunity under state law to raise his ineffective assistance of trial counsel claim on direct review because, in Texas, a capital defendant can raise an ineffective assistance of trial counsel claim on direct review to the Court of Criminal Appeals." *Id.*

Although petitioner Balentine questions the strength of the *Gates* opinion over this Court in deciding the instant Rule 60(b)(6) motion, any question regarding the validity of *Gates* was resolved by the Fifth Circuit's opinion in *Ibarra v. Thaler*, __ F.3d __, 2012 WL 2620520 (5th Cir. 2012). In

that case, the Fifth Circuit held, in line with the *Gates* opinion, that Ibarra was not entitled to the benefit of *Martinez* on his claims of ineffective assistance of state habeas corpus counsel because "Texas procedures entitled him to review through counseled motions for new trial and direct appeal." *Id.* at *4. In making its determination, the Fifth Circuit recognized *Martinez* as "a specific and narrow exception to the *Coleman* doctrine" applicable only to prisoners convicted in states "in which collateral review is the first time a defendant may raise a claim of ineffective assistance of counsel." *Id.* at *2 (referencing *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)). Holding "Texas procedures do not mandate that ineffectivess claims be heard in the first instance in habeas proceedings, and they do not by law deprive Texas defendants of counsel- and court-driven guidance in pursuing ineffectiveness claims," the Fifth Circuit essentially held that the overarching *Coleman* standard, and not the narrow *Martinez* exception, still applies to Texas defendants. *Id.* at *4.

Balentine argues *Ibarra* is distinguishable, asserting *Ibarra* only held that *Martinez* did not apply when it was "practicable" for the defendant to raise the ineffective-assistance-of-counsel claim in a motion for new trial. (Motion at 51-52). However, similar arguments have been raised in other cases and have been held to "not circumvent binding Fifth Circuit precedent that the *Martinez* exception does not apply to Texas cases." *Hearn v. Thaler*, No. 3:12-CV-2140-D, 2012 WL 2715653, at *4 (N.D. Tex., July 9, 2012) (Fitzwater, C.J.). In *Hearn*, the district court rejected a similar "impracticality" argument. Likewise, in *Newbury v. Thaler*, the Court of Appeals recently rejected a similar argument that "in practice, collateral proceedings were [Newbury's] first opportunity to assert an ineffective assistance of counsel claim," holding instead that "the same procedures that were available to Ibarra were available to Newbury." No. 10-70028, slip. op at 3, 2012 WL 3032718, at *

1 (July 26, 2012).[2]  The Fifth Circuit reaffirmed its denial of a COA, concluding "*Martinez* does not

affect our previous decision." *Id.*  The same reasoning applies to Balentine's case.  The Fifth Circuit's

position is clear:  "*Martinez* does not apply in Texas."  *Ayestas v. Thaler*, No. 11-70004, 2012 WL

2479487, at *1 (5th Cir. July 11, 2012).

      The Court certainly does not find petitioner Balentine's argument to be frivolous.  In fact, it

is well-presented.  Balentine's argument, however, embraces a broad reading of *Martinez*.  Current

Fifth Circuit law, on the other hand, rejects such a broad reading and establishes the *Martinez*

exception as narrowly defined and inapplicable in Texas cases.  In fact, much of Balentine's argument

is very much in line with that of the dissent in *Ibarra*.  *See Ibarra*, 2012 WL 2620520, at *5 (Graves,

J., concurring in part and dissenting in part).  This fact, however, only further convinces this Court that

denial of Rule 60(b)(6) relief is correct under circuit precedent.  Because of the clear and binding

caselaw of the Fifth Circuit discussed above, this Court is unable to give petitioner Balentine the

benefit of *Martinez* and grant his Rule 60(b)(6) motion.  *See Smith v. Johnson*, 440 F.3d 262, 263 (5th

Cir. 2006) (quoting *Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006)) (reiterating "Fifth Circuit

precedent 'remains binding until the Supreme Court provides contrary guidance'").

    *3.  Rule 60(b) Relief is Unavailable for Petitioner Balentine*

      In *Adams*, the Court of Appeals held that the Supreme Court's decision in *Martinez* could not

support Rule 60(b) relief.  "Our precedents hold that '[a] change in decisional law after entry of

judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final

judgment' under Rule 60(b)(6)."  *Adams*, 679 F.3d at 319 (citing *Bailey v. Ryan Stevedoring Co.*, 894

---

[2]Balentine contends "[i]n Texas, *relief* on most extra-record ineffective assistance of counsel claims requiring extensive investigation before they can be pled—like a *Wiggins* claims—is only available in post-conviction proceedings."  (Motion at 36).  The Court does not reach the merits of this claim because the Fifth Circuit has explicitly held to the contrary.

F.2d 157, 160 (5th Cir. 1990), and *Batts v. Tow–Motor Forklift Co.*, 66 F.3d 743, 747–48 (5th Cir. 1995)).  "This rule applies with equal force in habeas proceedings" under the AEDPA.  *Id.* (citing *Hernandez v. Thaler*, 630 F.3d 420, 430 (5th Cir. 2011), and *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002)).

While acknowledging that a change in decisional law does not "alone" constitute the type of extraordinary circumstances warranting relief, Balentine seeks to distinguish his case by showing a long history of diligence in attempting to avoid the procedural obstacles to consideration of his substantial *Wiggins* claim created by the failure of state habeas counsel to investigate and present such claim in Balentine's initial state habeas proceeding.  (Motion at 1-2, 5-14, 75, 86-98).  While this Court does not reach the merits of whether Balentine has shown the appropriate amount of diligence in pursuing this claim or the impact of such diligence, it is clear he has sought to present his *Wiggins* claim and to overcome the procedural bar against it early in the federal habeas proceedings in this Court.  Neither does this Court reach the merits of whether counsel in Balentine's first state habeas proceedings was ineffective, but if Rule 60(b) relief were available, the undersigned agrees with Balentine's position that assertion of the claim is not futile.  In fact, without the intervening and binding caselaw of the Fifth Circuit to guide this Court, the Court may have been disposed to reach the merits of this claim.

In sum, *Martinez* does not support the instant Rule 60(b) motion because *Martinez* constitutes a change in decisional law and does not create an "exceptional circumstance" envisioned for Rule 60(b) relief.  *Adams*, 679 F.3d at 319 ("the *Martinez* decision is simply a change in decisional law and is 'not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)'").  Even if the Court were able to consider *Martinez* as creating an exceptional circumstance potentially warranting

Rule 60(b) relief, the Fifth Circuit has unambiguously held *Martinez* is inapplicable to Texas prisoners, like Balentine. *See Ayestas*, 2012 WL 2479487, at *1. The force of Balentine's motion relies entirely on the asserted "jurisprudential sea change" created by *Martinez*.[3] The Fifth Circuit has held that *Coleman*, and not *Martinez*, is controlling as to Texas defendants, like Balentine. *Ibarra*, 2012 WL 2620520 at *4. Any expansion of *Martinez* to apply to cases such as Balentine's must be made by the Fifth Circuit and/or the United States Supreme Court. *Martinez* cannot support the Rule 60(b) relief requested by petitioner Balentine.

## IV. CONCLUSION

For the reasons set forth above, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the *Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6)* (doc. 112), by petitioner John Lezell Balentine be DENIED.

## V. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

**IT IS SO RECOMMENDED.**

**ENTERED** this 30th day of July, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

---

[3]Balentine states that he "could not have filed this motion prior to *Martinez*, which was only decided this year." (Motion at 88).

## * <u>NOTICE OF RIGHT TO OBJECT - EXPEDITED SCHEDULE</u> *

Any party may object to these proposed findings, conclusions and recommendation.  The court may shorten the normally applicable fourteen day period to file an objection because of exigent circumstances. *See Tripati v. Drake*, 908 F.2d 977 (9th Cir. July 19, 1990) (unpublished) (shortening the time period in which objections had to be filed due to "exigent circumstances"); *United States v. Barney*, 568 F.2d 134, 136 (9th Cir.1978) (period listed in 28 U.S.C. § 636(b) in which to object is a maximum, not a minimum, and court may require a response within a shorter period if "exigencies of the calendar" require); *Boyd v. Union Pacific Corp.*, 2011 WL 1344160 (E.D. Tex. Apr. 4, 2011); *United States v. Doherty*, 2009 WL 1310877, at *10 (E.D.N.Y. May 7, 2009).

In light of the exigencies created by the execution date of August 22, 2012, the time to file objections is shortened to allow a full review by the District Court and any appellate courts.  Therefore, in the event parties wish to object, they are hereby **NOTIFIED** that **the deadline for filing objections is Monday, August 6, 2012.**  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(c), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).

**Any objections must be filed on or before Monday August 6, 2012 at 5:00 P.M.**  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).  Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).