UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

JOHN LEZELL BALENTINE          )
         Petitioner – Appellant,    )
                           )
v.                            )      No. 2:03-CV-0039
                           )
RICK THALER, Director         )
Texas Department of Criminal Justice,  **)**
Correctional Institutions Division,    **)**
         Respondent – Appellee   **)**

---

**OPPOSED**
**APPLICATION FOR A STAY OF EXECUTION**

Mr. Balentine is currently scheduled for execution after 6:00 p.m. on August 22, 2012.  He

respectfully asks this Court to stay his execution.

**I.**      **Standard of Review.**

The same standard of review applies to both requests for certificates of appealability

("COA") and to applications for a stay of execution:

> This court reviews an application for a CPC using the same standard as that used by
> the district court in the first instance.  That is, we will grant a CPC to appeal only if
> the applicant can make a substantial showing of a denial of a federal right.  *Barefoot
> v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); *Drew
> v. Collins*, 5 F.3d 93, 95 (5th Cir.1993), *petition for cert. filed* (Jan. 5, 1994).  This
> standard does not require the applicant to show that he would prevail on the merits,
> but it does require him to show that the issues he presents are debatable among jurists
> of reason.  *Barefoot*, 463 U.S. at 893 n. 4, 103 S.Ct. at 3395 n. 4; *Drew*, 5 F.3d at 95.
> The same standard essentially applies to an application for a stay of execution. *Drew*,

5 F.3d at 95 (citing *Delo v. Stokes*, 495 U.S. 320, 321, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990) ("A stay of execution pending disposition of a second or successive federal habeas petition should be granted only when there are 'substantial grounds upon which relief might be granted.'" (quoting *Barefoot*, 463 U.S. at 895, 103 S.Ct. at 3395))).

*Barnard v. Collins*, 13 F.3d 871, 875 (5th Cir. 1994).

When the resolution of a claim turns on "procedural grounds," a COA—or stay of execution—should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Mr. Balentine is entitled to a stay of execution.

## II. Mr. Balentine's arguments that *Martinez v. Ryan*[1] applies to his case and that Rule 60(b) is appropriate under the unique circumstances of his case are debatable among jurists of reason.

As described in his Objections to the Report and Recommendation ("Objections"), other federal courts have held that "*Martinez* does not provide relief where petitioner 'could have obtained a review of his ineffective assistance of trial counsel claims *with the aid of counsel different from his trial counsel* in his direct appeal.'" *Leberry v. Howerton*, 2012 WL 2999775, slip op. at *1 (M.D. Tenn. July 23, 2012) (quoting *Arthur v. Thomas*, 2012 WL 2357919, slip op. at *9 (N.D. Ala. June 20, 2012)). In both *Leberry* and *Arthur*, the federal courts held that *Martinez* was inapplicable to the case at bar because the states from which the cases originated—Tennessee and Alabama—permitted defendants to raise ineffectiveness of trial counsel claims on direct appeal ***and***

---

[1] 132 S.Ct. 1309 (2012).

each of the litigants had the assistance of new counsel for those proceedings.  Explicit in these holdings is that, without the aid of conflict-free counsel, state post-conviction proceedings would have been the "initial review collateral proceeding" for *Martinez* purposes, and thus *Martinez* would have applied to those individual litigants even though Martinez does not apply to other litigants in the same states.

These cases are not distinguishable because they originate from other states.  In both, the courts determined that direct review is the "initial review collateral proceeding" for *Martinez* purposes.  Whether trial counsel's continued representation past the point at which the trial ineffectiveness claim must be preserved is determinative under *Martinez* is a question of federal law, and the answer must be the same in Texas as it is in Tennessee and Alabama.  Federal judges have already held that trial counsel's continued representation means that direct review is not the first occasion for raising his own ineffectiveness, thus the issue is debatable among jurists of reason.

Nor is a different result compelled here because of Fifth Circuit precedent.  As Mr. Balentine has explained in his Objections, no court in this circuit has addressed this issue.  All of the cases to date have only rejected the argument that *Martinez* should apply to *every Texas case*.

The Magistrate Judge has essentially determined that Mr. Balentine has met the showing required for a COA or stay of execution with respect to his argument that *Martinez* applies to his case: "The Court certainly does not find petitioner Balentine's argument to be frivolous.  In fact, it is well-presented."  Magistrate Judge's Report and Recommendation to Deny Relief from Judgment (docket entry #122, hereinafter "Report") at 9.

Likewise, with respect to whether Mr. Balentine is entitled to Rule 60(b)(6) relief, the Magistrate Judge noted that—if not for its conclusion that Fifth Circuit precludes the application of

*Martinez* to the case at bar—"the Court may have been disposed to reach the merits of this claim." Report at 10.  The Report stops short, however, of reaching the merits of Mr. Balentine's argument that the totality of the unique circumstances presented here justify Rule 60(b) relief.[2]  Reasonable jurists could thus certainly find that, even though *Martinez* by itself is not an extraordinary circumstance warranting Rule 60(b) relief,[3] relief is warranted under the totality of the unique circumstances of this case.

III.   **The merit of Mr. Balentine's claim that trial counsel rendered ineffective assistance of counsel is debatable among jurists of reason.**

There has never been any doubt that Mr. Balentine's underlying ineffective assistance of counsel claim is, at minimum, debatable among jurists of reason.  The State did not even contest,

---

[2] Mr. Balentine notes that another circuit has held that *Martinez* is a "remarkable development that weighs in favor of Rule 60(b) relief:

> The nature of the intervening change of law at issue here differs from the situations at issue in *Gonzalez* and *Phelps*.  Here, **it was settled law** that post-conviction counsel's effectiveness was irrelevant to establishing cause for procedural default. *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  In *Martinez*, 132 S.Ct. at 1315, however, the Supreme Court "qualifie[d] *Coleman* by recognizing a narrow exception."  In our view, these circumstances weigh slightly in favor of reopening Lopez's habeas case.   Unlike the "hardly extraordinary" development of the Supreme Court resolving an existing circuit split, *Gonzalez*, 545 U.S. at 536, 125 S.Ct. 2641, the Supreme Court's development in *Martinez* constitutes a **remarkable**—if "limited," *Martinez*, 132 S.Ct. at 1319—development in the Court's equitable jurisprudence.

*Lopez v. Ryan*, 678 F.3d 1131, 1136 (9th Cir. 2012) (emphasis added).  Based on a materially distinguishable set of equities, the Ninth Circuit properly concluded that Lopez was not entitled to 60(b) relief.  *See* Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(6) (docket entry #112, hereinafter "Motion"), at p.80 n.111.

[3] *See Adams v. Thaler*, 679 F.3d 312 (5th Cir. 2012).  *See also* Motion at 89–97 (describing the lack of equities in favor of Adams's motion for Rule 60(b) relief).

either in the course of—or as an alternative to—its procedural arguments, Mr. Balentine's lengthy argument that his claim of trial ineffectiveness is substantial.[4]   Regardless of whether this is a "concession" by the State, it is nonetheless a very conspicuous absence of a potentially relevant argument, especially in light of its inclusion of such alternative arguments in other similarly-situated cases.  *See e.g.* Appellee's Supplemental Brief, *Newbury v. Thaler*, No. 10-70028 (5th Cir. July 26, 2012) (filed on July 19, 2012), at 6–10 (after arguing that *Ibarra* precluded the application of *Martinez* to Newbury's case, the State devoted even more space to arguing that Newbury's underlying ineffectiveness at trial claim was meritless).

The magistrate judge found that Mr. Balentine's never-presented case in mitigation was "substantial."  Magistrate's Report  at 31, *Balentine v. Quarterman*, No. 2:03-cv-00039 (N.D. Tex. September 27, 2007).  Mr Balentine's social history is replete with "classic mitigation elements," *id*. at 29, that could have persuaded a juror to answer "yes" to the mitigation special issue.  This information was not presented to the jury because lead counsel, appointed just two weeks prior to trial, simply rested without presenting ***any*** evidence or witnesses in support of a life sentence.  Mr. Balentine has pled a compelling claim of ineffective assistance of counsel with respect to the punishment phase of his trial.  *See* Motion at 60–71.  There is no question that the claim is debatable among jurists of reason.

---

[4] *See* Motion at 60–71.

**PRAYER FOR RELIEF**

Because Mr. Balentine has satisfied the relevant standard for both forms of relief, he prays

that this Court:

(1)     stay his imminent execution so that this Court and, if necessary, appellate courts may
        carefully and thoroughly consider the issues presented herein; and/or,

(2)     should the Court ultimately deny Rule 60(b) relief, grant Mr. Balentine a certificate
        of appealability so that he may appeal the Court's judgment.


                                                   Respectfully submitted,


                                                   _____
                                                   Lydia M. V. Brandt
                                                   TX Bar No. 00795262
                                                   THE BRANDT LAW FIRM, P.C.
                                                   Texas Bar No. 00795262
                                                   P.O. Box 850843
                                                   Richardson, Texas 75085-0843
                                                   (972) 699-7020 Voice; (972) 699-7030 Fax

-6-

## CERTIFICATE OF CONFERENCE

This certifies that on July 26, 2012, I conferred with Katherine Hayes, Assistant Attorney General, counsel for Respondent, Thaler.  Ms. Hayes states that Respondent is opposed to this motion.

_____
Lydia M.V. Brandt, Esq.

## CERTIFICATE OF SERVICE

This certifies that on August 6, 2012, I electronically filed the foregoing document with the clerk of court for the US District Court Northern District Texas using the electronic case filing system of the court.  The electronic case filing system sent a notice of electronic filing to the following attorney of record, who has consented in writing to accept this notice as service of this document by electronic means:

> Katherine Hayes, Assistant Attorney General
> Attorney General's Office
> P.O. Box 12548, Capitol Station
> Austin, TX 78711-2548

_____
Lydia M.V. Brandt, Esq.

cc:    John Balentine #999315
       Polunsky Unit
       Texas Department of Criminal Justice
       3872 FM 350 South
       Livingston, TX 77351-8580