CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2012 AUG 10 PM 2: 19

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN LEZELL BALENTINE, | § | |
| Petitioner, | § § | |
| vs. | § § § | 2:03-CV-039-J |
| RICK THALER, Director, Texas Department of Criminal Justice Correctional Institutions Division, | § § § § § | **Capital Litigant** |
| Respondent. | § § | |

### AMENDED ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, DENYING MOTION FOR A STAY OF EXECUTION, AND GRANTING REQUEST FOR A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge has made a report and recommendation ("Recommendation," doc. 122) to deny the motion for relief from judgment filed by John Lezell Balentine ("Balentine") made pursuant to Fed. R. Civ. P. 60(b)(6). (Doc. 112-114.) Balentine has filed objections, and the Court has made a *de novo* review of the record upon which the Recommendation and objections were made. Balentine has also filed a motion to stay his execution presently scheduled for August 22, 2012. (Doc. 124.) Respondent has filed responses to these motions and objections, and Balentine has filed replies. For the reasons set out below, the Court **overrules** the objections, finds that the Recommendation of the Magistrate Judge is correct and it is **accepted** and adopted as the Findings and Conclusions of the Court. The Court **denies** the motion for relief from judgment under Rule 60(b), **denies** the motion for stay of execution, and **grants** the motion for certificate of appealability.

I.

The Recommendation properly sets forth the factual and procedural history of proceedings relevant to Balentine's claim of ineffective assistance of trial counsel for failing to investigate and present mitigating evidence that is made the subject of the instant Rule 60(b) motion. (Rec. at 2-4.) Balentine's counsel in the original state habeas review of his conviction and death sentence failed to exhaust this claim, and this Court has found that it was procedurally barred by the Texas abuse-of-the-writ doctrine from a review on the merits in federal court. (Doc. 66, 77, 89.) These determinations have been upheld by the United States Court of Appeals for the Fifth Circuit. *Balentine v. Thaler*, No. 08-70014, 324 Fed.Appx. 304 (5th Cir.), *cert. denied*, ___ U.S. ___, 130 S.Ct. 484 (2009); *Balentine v. Thaler*, 626 F.3d 842 (5th Cir. 2010), *rehr'g denied*, 629 F.3d 470 (2010), *cert. denied*, ___ U.S. ___, 131 S.Ct. 2992 (2011).

Balentine seeks to set aside those prior determinations by asserting the equitable exception created by the Supreme Court in *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012). The Magistrate Judge found that binding circuit precedent has determined that the *Martinez* exception does not apply to Texas cases, and that prevents the court from finding that a change in decisional law occasioned by *Martinez*, even taken together with the unique circumstances of this case, could constitute the "extraordinary circumstances" necessary to support relief under Rule 60. (Rec. at 6-11.)

In Petitioner's objections to the Recommendation, Balentine repeats his argument that *Martinez* constitutes an extraordinary circumstance necessary to support Rule 60(b)(6) relief when considered together with the unique facts of his case showing extraordinarily diligent efforts to obtain federal habeas review of the merits of this claim. As addressed by the Magistrate Judge, this Court finds that it is unnecessary to reach that argument because binding circuit precedent has determined that the exception created in *Martinez* does not apply to this case. (Rec. at 10-11.)

2

Balentine argues that circuit precedent does not foreclose the application of the *Martinez* exception to any Texas cases, but merely requires a case-by-case determination of whether the ineffective-assistance-of-trial-counsel claim could have been adequately presented in the direct appeal. Balentine contends that it was impossible for him to present this claim in his direct appeal because his trial counsel filed the motion for new trial, where his ineffective-assistance-of-trial-counsel evidence had to be presented./[1] Since trial counsel's conflict of interest would have prevented trial counsel from complaining about his own ineffective assistance in that new-trial motion, Balentine argues that it was not merely impractical but "impossible" for him to develop the evidence necessary to grant relief on his claim. (Rule 60(b) Mot. at 45-46, 59; Obj. at 2-8; Reply at 5-9; Mot. for Stay at 2-3; Reply to Opp. to Stay at 1-4.) Balentine concludes, therefore, that the state habeas proceedings were the "initial review collateral proceeding" contemplated by *Martinez*.

However appealing Balentine's arguments may be, including his additional argument that sufficient time for the development of evidence to support an adequate new trial motion was not available to him, binding circuit precedent is not in his favor. In *Ibarra v. Thaler*, ___ F.3d ___, 2012 WL 2620520 (June 28, 2012), the Court of Appeals discussed the opportunity to develop the record in a motion for new trial, but did not condition the unavailability of the *Martinez* exception on the adequacy of those new-trial proceedings:

> A prisoner who develops such a record through a new trial motion can of course pursue the denial of an ineffectiveness claim through direct appeal, but the [Texas Court of Criminal Appeals] has indicated that a new trial motion is neither a sufficient

---

[1] To the extent that Balentine argues an "impossibility" due to trial counsel's conflict of interest, rather than impracticality, the record does not support his position. Although a motion for new trial was filed by lead trial counsel on April 23, 1999, new appellate counsel was appointed three days later, on April 26, 1999, in time to file another motion for new trial within the period authorized by Texas law. May 19, 1999, was the deadline to file a motion for a new trial, and that motion was not ruled upon until June 9, 1999. While it may have been impractical for appellate counsel to assert and support the ineffective-assistance-of-trial-counsel claim in a motion for new trial within that period, it was not legally impossible as asserted by Balentine, and this is not a controlling distinction from circuit precedent binding upon this Court.

> nor necessary condition to secure review of an ineffectiveness claim on direct appeal. Indeed, an ineffectiveness claim may simply be raised on direct appeal without the benefit of a motion for new trial.

*Ibarra*, 2012 WL 2620520, at *4 (citing *Robinson v. State*, 16 S.W.3d 808, 813 (Tex. Crim. App. 2000)). Although Balentine attempts to distinguish *Ibarra* on the basis that it did not find that *Martinez* would not apply when a conflict would prevent trial counsel from raising the ineffective-assistance-of-counsel claim on himself for the direct appeal, that scenario was specifically noted by the dissent in *Ibarra*:

> Based on the interpretation of the application of *Martinez*, the majority is finding that Ibarra has defaulted on any claim of ineffective assistance of trial counsel that state habeas counsel failed to raise in his initial state habeas petition because ***Texas allowed said claimed ineffective trial counsel to raise his own ineffectiveness in a motion for new trial or on direct appeal.***

2012 WL 2620520, at *6 (emphasis added).

It should be noted that in this case, although trial counsel filed a motion for new trial, Balentine's new trial motion was actually argued by appellate counsel C.R. Daffern, who had time to file and argue an amended motion./2 Therefore, this Court cannot conclude that binding circuit precedent would allow the exception to be applied here, where Balentine argues that evidence could not be developed for the direct appeal because a conflict inhibited lead trial counsel from raising his own ineffectiveness in the motion for new trial, or otherwise on direct appeal.

Similar arguments to Balentine's have been rejected, although possibly not presenting the same alleged conflict as in this situation. As stated in *Hearn v. Thaler*, No. 3:12-CV-2140-D, 2012 WL 2715653, at *4 (N.D. Tex., July 9, 2012) (Fitzwater, C.J.), the petitioner

> argued that the only opportunity to include evidence that is not already in the trial record is by a motion for new trial that must be filed within 30 days of judgment,

---

² The hearing on the new trial motion was held on June 9, 1999. On June 10, 1999, Petitioner Balentine requested appointment of another appellate attorney, one who was from outside Amarillo, causing C.R. Daffern to move to withdraw on July 1, 1999, and C.J. McElroy to be appointed as substitute appellate counsel on July 8, 1999. Neither Daffern nor McElroy were trial counsel.

usually by trial counsel and before the record is transcribed. Hearn pointed out that, in his case, the motion for new trial was due on January 10, 1999, but the reporter's record was not filed until August 16, 1999.

(citations omitted.) A similar argument was also rejected in *Newbury v. Thaler*, No. 10-70028, slip. op at 3, 2012 WL 3032718, at *1 (July 26, 2012) *(per curiam)*. (Rec. at 8-9.) Balentine's argument that the state habeas proceedings were the "initial review collateral proceeding" contemplated by *Martinez* is similar to the reasoning in the *Ibarra* dissent. *See* 2012 WL 2620520, at *5. However, the Magistrate Judge properly determined that these arguments are foreclosed by the majority's holding, which is the binding circuit precedent.

II.

This court has jurisdiction to consider Balentine's motion for a stay of execution./[3] In general, four factors should be used in determining whether to issue a stay of execution:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Adams*, 679 F.3d at 318 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). Balentine's motion for stay presents the same ineffective-assistance-of-counsel claim made the basis of his Rule 60(b) motion, and also relies upon the applicability of the *Martinez* exception to Texas cases. As discussed above, this claim could not succeed because it is procedurally barred and circuit precedent has determined that the *Martinez* exception does not apply under the facts here. Balentine has not made the requisite strong showing that he is likely to succeed on the merits.

---

[3] Section 2251(a)(1) provides:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251(a)(1).

Further, this Court's equitable analysis "must be sensitive to the State's strong interest in enforcing its criminal judgments without undue inference from the federal courts." *Adams*, 679 F.3d at 318 (citing *Hill v. McDonough*, 547 U.S. 573, 584 (2006)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [judicial] discretion." *Id.* (quoting *Nken*, 556 U.S. at 433-34). In light of binding circuit precedent and the limitations stated in *Martinez*, the required showing has not be made. For these reasons, the motion for stay of execution is denied.

### III.

The motion for relief from judgment under Fed. R. Civ. P. 60(b)(6) is DENIED.

The motion for stay of execution is DENIED.

The request for a certificate of appealability is GRANTED.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling" regarding the application of the *Martinez* exception to Texas cases under the specific facts of this case, where it is alleged that conflicts and a lack of time made it impossible for Petitioner to develop the outside-the-record evidence necessary to support an ineffective assistance of counsel claim in the direct appeal from his conviction and sentence. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In the event Petitioner files a notice of appeal, the Court notes that Balentine may proceed *in forma pauperis*.

It is SO ORDERED.

Signed on this the \_\_\_\_\_ day of August, 2012.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE