IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JOHN LEZELL BALENTINE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | 2:03-CV-00039 |
| WILLIAM STEPHENS, Director, | § | **Capital Litigant** |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER SETTING HEARING

The parties have filed supplemental briefs in response to this Court's order on the question of what issues are before the Court on remand, what relief under Rule 60(b) of the Federal Rules of Civil Procedure is available, whether to stay these proceedings to allow Balentine to return to state court, and what procedures and evidentiary development would be appropriate to consider the claim in accordance with *Martinez v. Ryan,* 566 U.S. 1 (2012), and *Trevino v. Thaler,* 133 S.Ct. 1911 (2013), and 28 U.S.C. § 2254(e)(2). (Order, doc. 144.) This Court scheduled oral argument on the last three questions, but vacated that setting due to the unavailability of counsel. (Order, doc. 157.) Upon further review of all of the pleadings, the Court is of the opinion an evidentiary hearing should be scheduled for evidence and oral argument on all matters before the Court.

I

Petitioner John Lezell Balentine ("Balentine") was convicted of and sentenced to death for the murders of three teenagers, Mark Caylor, Jr., Kai Geyer, and Steven Brady Watson, while they slept in a home in Amarillo, Texas on January 21, 1998. He claims his trial counsel were ineffective

in failing to investigate and present mitigating evidence at his trial. (Am. Pet., doc. 27, Ground Eight, pp. 137-151.) He now references this as is "*Wiggins*" claim. (B's Supp. Br., doc. 152, at 1-2.) Analyzing this claim in this initial federal habeas action, this Court observed:

> No mitigation evidence concerning petitioner's background, childhood, or family was presented at his trial, and trial counsel called no witnesses at the punishment phase. (26 RR at 80). Other than the criminal history from the prosecution, petitioner's counsel presented no facts about petitioner's background, childhood, or family to the jury. While this omission, if in fact it was an omission, presents a substantial question, it does not necessarily compel a finding of deficient performance if counsel's actions were based upon a reasonable tactical decision. *See Darden v. Wainwright,* 477 U.S. 168, 185-87 [] (1986) (not presenting mitigation case was reasonable tactical decision in view of fact that evidence in question would have opened the door for rebuttal evidence from the state). A decision to not present mitigating evidence may be reasonable if based upon "evidence in their investigation to suggest that a mitigation case, in its own right, would have been counterproductive, or that further investigation would have been fruitless." *Wiggins [v. Smith,* 539 U.S. 510, 525 (2003)].
>
> The facts of this case are rather heinous, and show a triple murder was committed while the victims were apparently asleep. The defense at trial was that, notwithstanding his confession, there was a reasonable doubt petitioner committed the murders. Secondly, the defense attempted to show the acts of violence directed toward victim Mark Caylor were in response to threats made against petitioner. Even if this defensive argument, or combination thereof, did not warrant acquittal, trial counsel may have determined it was petitioner's best chance to avoid the death penalty. The fact that trial counsel may have determined the defense outlined above to be petitioner's best defense would not, however, justify a failure to investigate and obtain all available mitigation evidence. Indeed, before counsel could make a decision as to whether mitigation evidence should be offered, counsel would have to know what evidence there was. The record before this Court does not reflect the extent of trial counsel's investigation or knowledge of mitigation evidence at the time of trial. We only know none was presented. Therefore, a review of the merits of this claim would require this Court to allow further discovery, and/or hold an evidentiary hearing to hear testimony from trial counsel and defense investigators regarding the extent of the defense investigation in preparation for the punishment phase of petitioner's trial, whether any mitigation evidence was obtained, and, if so, why it was not presented. (Am. Pet. at 154-55.) Such additional discovery and an evidentiary hearing are not warranted, and, in fact, are prohibited by Fifth Circuit precedent because the claims asserted in grounds seven and eight are unexhausted and procedurally barred. Further, even if this claim were not unexhausted, this Court

> should not hold an evidentiary hearing when a habeas petitioner has failed to diligently develop the factual basis for his claim in state court. *See* 28 U.S.C. § 2254(e)(2); *Conner v. Quarterman*, 477 F.3d 287 (5th Cir.2007) (holding that the district court improperly held an evidentiary hearing on an exhausted claim because the habeas petitioner had not diligently developed the factual basis for his claim in the state court proceedings).

*Balentine v. Quarterman*, 2008 WL 862992, at *19 (N.D. Tex. Mar. 31, 2008). The United States Court of Appeals for the Fifth Circuit denied a certificate of appealability on this issue. *Balentine v. Quarterman*, 324 Fed. App'x 304 (5th Cir. 2009).

Subsequent to the denial of the original federal action, the state court set an execution date, and Balentine filed a subsequent state habeas petition to exhaust this claim. That state habeas petition, however, was dismissed as an abuse of the writ. *Ex parte Balentine*, Nos. WR–54071–01, WR–54071–02, 2009 WL 3042425 (Tex.Crim.App. Sept. 22, 2009). On September 23, 2009, Balentine returned to this Court, filing a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure (Rule 60(b) Motion, doc.85) and a motion for a stay of his execution (Motion for Stay, doc. 86). After receiving a response and reply, this Court denied the motions on September 28, 2009. (Order, doc. 89.) On September 29, 2009, the Court of Appeals granted a stay of execution. *Balentine v. Thaler*, No. 09-70026 (5th Cir. 2009). On appeal, a panel of the United States Court of Appeals for the Fifth Circuit reversed this Court's denial of relief, *Balentine v. Thaler*, 609 F.3d 729, 741-42 (5th Cir. 2010), citing the language from this Court's opinion set out above, and finding that Balentine's equities compare closely to those of *Ruiz v. Quarterman*, 504 F.3d 523 (5th Cir. 2007), which found that Rule 60(b) relief was appropriate. That panel subsequently withdrew its opinion on rehearing and affirmed this Court's denial of relief. *Balentine v. Thaler*, 626 F.3d 842 (5th Cir. 2010). The petition for rehearing en banc was denied

in a split decision. *Balentine v. Thaler*, 629 F.3d 470 (2010). The Supreme Court denied the petition for writ of certiorari. *Balentine v. Thaler*, ___ U.S. ___, 131 S.Ct. 2992 (2011).

The next year, Balentine was given another execution date and the United States Supreme Court issued its decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), creating a new exception to procedural bar. On July 12, 2012, Balentine filed another motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure and a motion for a stay of his execution, seeking to show that his claim comes within the newly created exception. (Motion, doc. 112.) On August 10, 2012, the District Court adopted the report and recommendation of the United States Magistrate Judge to deny the motion but grant a certificate of appealability on the issue. (Order, doc. 127.) The Court of Appeals denied a stay and affirmed this Court, but the Supreme Court granted the stay and eventually remanded the case to the Court of Appeals for further consideration in light of its opinion in *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), *Balentine v. Thaler*, 133 S. Ct. 2763 (2013), which later remanded the case to this Court. *Balentine v. Stephens*, 553 Fed. App'x 424 (5th Cir. 2014). Therefore, the procedural posture of this case for consideration of the exception to procedural bar in a Rule 60(b) proceeding is essentially where it was when the Supreme Court granted the stay and then remanded the case to the Court of Appeals.

II

In his supplemental briefing, Respondent asserts that there is only one issue before this Court on remand: "Whether Rule 60(b)(6) relief is foreclosed to Balentine?" The answer to that question is not as easily resolved against Balentine as Respondent suggests, having been the subject of differing opinions and reversals in the appellate courts. In *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012), the Court of Appeals held that "a change in decisional law after entry of judgment does

4

not constitute exceptional circumstances and is not *alone* grounds for relief from a final judgment" under Rule 60(b). (Emphasis added.) Balentine acknowledges this limitation, but argues that the exceptional circumstances of his case are not the change in decisional law "alone" but combine with other factors to make the difference. These factors include: (1) Balentine's extraordinary diligence in pressing this claim, and particularly his "argument that state habeas counsel's ineffectiveness established cause for the default in his case," (Rule 60(b) Mot. at 94), (2) that he has shown that there is probable merit to his argument for cause under *Martinez*, (Rule 60(b) Mot. at 96), (3) that he has presented a compelling Sixth Amendment violation (Rule 60(b) Mot. at 96), and (4) that he has presented multiple circumstances in addition to his death sentence that support Rule 60(b) relief (Rule 60(b) Mot. at 96-97). Balentine's argument is sufficient to warrant consideration. To the extent that Fifth Circuit precedent on this issue may not be clear, Balentine has supported his position with authority from other circuits.

### III

The parties are similarly divided on whether a stay of these proceedings is appropriate. In its remand order, the Court of Appeals left this issue for a determination on remand, observing that "the relevance of *Adams* may depend on whether Balentine returns to state court." *Balentine v. Stephens*, 553 Fed. App'x at 425. Even so, the Texas Court of Criminal Appeals has consistently refused to allow the ineffective assistance of counsel in the original habeas proceedings to excuse the procedural bar of successive habeas applications, although often by a split decision. *See Ex Parte Garcia,* WR-40,214-03, 2016 WL 548094, at *1 (Tex. Crim. App. Feb. 9, 2016); *Ex parte Alvarez,* WR-62,426-04, 2015 WL 1955072, at *1 (Tex. Crim. App. Apr. 29, 2015); *Ex parte Carpenter,* WR-49,656-05, 2014 WL 5421522, at *1 (Tex. Crim. App. Oct. 8, 2014); *Ex parte Buck,* 418

S.W.3d 98 (Tex. Crim. App. 2013); *Ex Parte Diaz,* WR-55,850-02, 2013 WL 5424971, at *1 (Tex. Crim. App. Sept. 23, 2013); *Ex parte McCarthy,* WR-50,360-04, 2013 WL 3283148, at *1 (Tex. Crim. App. June 24, 2013); *Ex parte Hernandez,* WR-62,840-02, 2012 WL 1060079, at *1 (Tex. Crim. App. Mar. 21, 2012). It appears futile to grant a stay of these proceedings to allow Balentine to file another subsequent habeas application in the state court.

IV

This Court has not determined whether Balentine's claim has any merit, which would require evidentiary development. In his supplemental briefing, Balentine argues that this Court previously determined that his claim was "substantial." (B's Supp. Br. at 17.) This Court merely found, however, that the record before it was inadequate to make that determination because it did not reveal whether and to what extent trial counsel investigated mitigating evidence and made important decisions.

Respondent asserts that 28 U.S.C. § 2254(e)(2) prohibits this Court from allowing evidentiary development of the claims (R's Supp. Br. at 6-12), but it is not necessary for the Court to resolve that question at this time. Even if the limitation of § 2254(e)(2) applies to the consideration of the merits of a habeas claim, this Court must first make the threshold procedural determination of whether the exception to the procedural bar applies and receive the evidence necessary to make that determination. *See House v. Bell,* 547 U.S. 518, 537 (2006) (noting that an evidentiary hearing was conducted by the district court on an exception to procedural bar); *Schlup v. Delo,* 513 U.S. 298, 331 (1995) (discussing standards for the district court to determine whether to hold an evidentiary hearing on exception); *Dickens v. Ryan,* 740 F.3d 1302, 1321 (9th Cir. Jan. 23, 2014) (en banc) ("Section 2254(e)(2), however, does not bar a hearing before the district court to allow a petitioner

to show 'cause' under *Martinez*.); *Detrich v. Ryan*, 740 F.3d 1237, 1246 (9th Cir. Sept. 3, 2013) (en banc) ("district court should allow discovery and hold an evidentiary hearing where appropriate to determine whether there was 'cause' under *Martinez* for the state-court procedural default and to determine, if the default is excused, whether there has been trial-counsel IAC.").

In *Martinez v. Ryan*, the Supreme Court created a new exception to procedural bar for claims of ineffective assistance of trial counsel.

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. Because counsel was appointed to represent him in the state habeas proceedings, Balentine must show that his habeas counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), in order to come within this new exception. *See Martinez*, 132 S. Ct. at 1318. Further, Balentine must also show "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318-19 (citing *Miller–El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue)). These new standards did not exist when Balentine filed his original petition for federal habeas relief.

The undersigned concludes that Balentine should be afforded an opportunity to prove that his claim falls within the exception to procedural bar. This will require evidentiary development. It would make little sense to force a habeas petitioner to prove the elements of an exception to procedural bar without giving him the opportunity to do so. *See Patterson v. Johnson*, No. 3:99-cv-808-G, 2000 WL 1234661, at *2 (N.D. Tex. Aug. 31, 2000). Therefore, § 2254(e)(2) does not

preclude a hearing on the exception to procedural bar, but if the claim is shown to come within the exception to procedural bar, then Respondent's arguments will be reconsidered in deciding whether evidence presented at the hearing may also be considered in addressing the merits of any such claim.

## V

Because of the futility of granting a stay of these proceedings to exhaust this claim in the state court, Balentine's request for a stay is DENIED. In light of the passage of time since the original trial, and the unsettled nature of these questions, the interests of justice require that this Court conduct an evidentiary hearing on whether exceptional circumstances exist under Rule 60(b), and on the exception to a procedural bar created by *Martinez*, particularly to preserve any evidence that may be critical to the resolution of the issues presented in this case.

Although this hearing is set for the purpose of examining the exception to procedural bar, the parties shall also come prepared to present evidence and argue the merits of the claim that trial counsel provided ineffective assistance. The evidence needed to show that the underlying claim of ineffective assistance of trial counsel is a substantial one and, therefore, comes within the exception to procedural bar created in *Martinez* will likely be the same evidence needed to prove the merits of that claim. To the extent that the same evidence may prove both the exception to procedural bar and that the claim should be granted on its merits, the parties should come to the hearing fully prepared to present that evidence and argue whether the limitation of § 2254(e)(2) would prevent the Court from considering such evidence for that purpose as well. *See, e.g., Garcia v. Stephens*, No. 3:06-CV-2185-M, 2014 WL 1494024, at *1 (N.D. Tex. Apr. 15, 2014); *Braziel v. Stephens*, No. 3:09-CV-1591-M, 2014 WL 1494081, at *2 (N.D. Tex. Apr. 15, 2014). In other words, this hearing should be considered the parties one and only opportunity to prove both the exception to procedural

bar and the merits of the claim. The Court does not, at this time, intend to schedule a separate hearing on the merits of the claim that trial counsel provided ineffective assistance should it find that the claim falls within the exception to procedural bar.

1. **Hearing.** A hearing is set for **9:00 a.m. on June 15, 2016**, before U.S. Magistrate Judge Clinton E. Averitte, in the First Floor Courtroom, 205 E. Fifth Ave., Amarillo, Texas, on (1) whether exceptional circumstances exist to warrant Rule 60(b) relief, (2) whether Balentine has set forth a substantial claim of ineffective assistance of trial counsel and (3) whether such claim was not properly presented to the state court because of the ineffective assistance of state habeas counsel.

2. **Evidence.** The Court expects to hear live testimony from counsel whose conduct is at issue but otherwise encourages the submission of written exhibits in lieu of live testimony.

3. **Disclosures.** The parties are exempt from the requirement to make initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A). The name and contact information for any potential witness, however, shall be disclosed no later than **April 29, 2016**

4. **Discovery.** No formal discovery under the Federal Rules of Civil Procedure shall be permitted, except as authorized, in advance, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

5. **Expert Disclosures.**[1]

a. Petitioner shall provide expert disclosure as required by Federal Rule of Civil Procedure 26(a)(2)(B) no later than **April 15, 2014**.

---

[1] The undersigned expresses no opinion regarding whether expert testimony will be admitted at the hearing.

b. Respondent shall provide expert disclosure as required by Federal Rule of Civil Procedure 26(a)(2)(B) no later than **April 22, 2016**.

c. Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, must be made in a written motion filed no later than **May 6, 2016**.

6. **Petitioner's Presence.** Unless a waiver of his presence is duly executed and filed with this Court prior to **April 15, 2016**, a writ of habeas corpus ad testificandum will issue for Petitioner to attend the evidentiary hearing in person. All parties shall cooperate to ensure that such a writ, if issued, is properly carried out.

7. **Prehearing Statement.** On or before **June 1, 2016**, the parties shall file a joint prehearing statement, which shall:

a. Identify counsel who will appear at the hearing;

b. Identify any stipulated and uncontested facts;

c. Identify the contested issues of fact and law;

d. Identify the witnesses to be called at the hearing, including a brief description of their anticipated testimony; and

e. Identify the exhibits to be presented at the evidentiary hearing, noting any objection by the party against whom the exhibit is to be offered.

8. **Prehearing Conference.** A prehearing conference is set for **9:00 a.m. on June 8, 2016**, before U.S. Magistrate Judge Clinton E. Averitte, by telephone conference.

9. **Extensions.** Any party seeking to extend any deadline set out in this order shall file a motion setting forth good cause before the expiration of the deadline sought to be extended.

**IT IS SO ORDERED.**

**ENTERED** this 1st day of April, 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE